IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN JEMISON,** *on behalf of himself* *and all other similarly situated* | : : : |
| *Plaintiff,* | : : |
| v. | Case No.: 2:22-cv-01322-WSH : : |
| **STAT COURIER, INC., d/b/a, ATM AMERICAN TRANSPORTATION MANAGEMENT & DESIGN, AARON TOMCZAK, BRUCE TOMCZAK, ARON PUPI,** *individually, jointly and severally*, | : : : : : : : : |
| *Defendants.* | : |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, Approval of Proposed Class Notice and Scheduling of a Final Approval Hearing, seeking preliminary approval of the settlement (the "Settlement") of this class action asserting alleged violations of Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), as well as asserting alleged violations of the Fair Labor Standards Act ("FLSA"). The terms of the Settlement are set out in the Class Action Settlement Agreement and Release (the "Agreement") that has been executed by the Parties. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court, having considered the requirements of 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 23, and the Settlement documents and Memorandum of Law filed in support of

1

Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), including specifically the parties' Agreement, hereby ORDERS as follows:

I.  **CLASS FINDINGS**

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met as to the proposed Settlement Class and Sub-Class, in that:

a.  The Settlement Class numbers eighty (80) individuals and, therefore, is so numerous that joinder would be impracticable. The Settlement Class includes individuals that are Hourly Employees who worked in Pennsylvania during the Class Period.

b.  Based on the allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class and Sub-Class Members. Among other things, Plaintiff alleges that Defendants failed to properly pay Hourly Employees their overtime compensation due and owing under federal and state laws.

c.  The Named Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of his claims are consistent with those of all members of the Settlement Class and Sub-Class; (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class and Sub-Class Members, and; (iii) the Named Plaintiff and the Settlement Class and Sub-Class Members are represented by qualified counsel who are experienced in preparing and prosecuting class actions of this sort.

d.  The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Class that would establish incompatible standards of conduct for the parties opposing the claims asserted in the case; and (ii) adjudications as to individual members of the Settlement

Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those person's ability to protect their interests; and

e. Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendants properly paid its employees overtime compensation required under applicable federal and state wage and hour laws.

## II. CLASS CERTIFICATION

The Court has certified, for settlement purposes only, the following class member group (the "Class"):

**Class Member Group - FUND A**
All current and former hourly, non-exempt employees of Stat Courier, Inc., d/b/a American Transportation Management & Design ("SCI") and other related defendants that regularly operated both exempt and non-exempt vehicles while employed with SCI in Pennsylvania, on or after September 15, 2019.

The Court has also certified, for settlement purposes only, the following class member group (the "Sub-Class"):

**Sub-Class Member Group - FUND B**
All current and former hourly, non-exempt employees of Stat Courier Inc., d/b/a American Transportation Management & Design ("SCI") and other related defendants that regularly operated non-exempt vehicles while employed with SCI in Pennsylvania, on or after September 15, 2019.

Excluded from the Settlement Class and Sub-Class are all Hourly Employees who submit a timely and valid Request for Exclusion. As noted above, Plaintiff Steven Jemison is an adequate and typical class representative, and the Court hereby appoints him as class representative for the Settlement Class.

As required by Fed. R. Civ. P. 23(g), the Court has also considered: (i) the work Class

3

Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, as well as wage and hour claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA, PMWA and PWPCL, and how those laws apply to the claims in this cases; and (iv) the resources Class Counsel has committed to representing Plaintiff in this case.

Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates J.P. Ward & Associates, LLC as Class Counsel with respect to the Settlement Class.

### III.     PRELIMINARY APPROVAL OF SETTLEMENT

The proposed settlement between the parties documented in the Agreement appears to be fair, reasonable and adequate and in the best interests of the Settlement Class and Sub-Class Members. As such, the proposed Settlement is hereby preliminarily approved pending a final hearing on the Settlement as provided herein. In addition, as set forth in Plaintiff's motion, the Parties have agreed upon Analytics LLC ("Analytics) to serve as this Settlement's "Claims Administrator." Based on the Parties' representation, the Court approves the appointment of Analytics as the Claims Administrator.

### IV.     FINAL APPROVAL HEARING

A Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled for **May 11, 2026 at 11:00 AM** in Courtroom 3B in the United States District Court for the Western District of Pennsylvania, Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219, to determine whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should receive final approval by the Court;

4

whether the Settlement Class and its representation by the Plaintiff and Class Counsel satisfies the requirements of Fed. R. Civ. P. 23; whether Class Counsel's application for an award for attorneys' fees and reimbursement of litigation expenses and service award for Plaintiff should be granted; and any other issues necessary for final approval of the Settlement.

V.     **CLASS NOTICE**

The Court hereby APPROVES Class Notice substantially in the same form and with the same content as that attached to the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, Approval of Proposed Class Notice, and Schedule of a Final Approval Hearing (Docket No. 81) as "Exhibit B" and "Exhibit C" (Docket Nos. 81-2 and 81-3), subject to Plaintiff revising such notices to include the actual date, time, and location of the Final Approval Hearing, the Court finds that such notices fairly and adequately (i) describe the terms and effect of this Settlement Agreement, (ii) provide notice to the Settlement Class and Sub-Class Members of the time and place of the Final Approval Hearing and (iii) describe how the recipients of the Class Notice may object to the Settlement. The Court further finds that serving the Initial Notice to Class Members and the Initial Notice to Sub-Class Members is the best notice practicable under the circumstances, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law.

As such, the Court directs the Claims Administrator to disseminate the Initial Notice to Class Members and the Initial Notice to Sub-Class Members, including where applicable the Opt-In to Join Fund B, in accordance with the terms of the Agreement. Further, the Parties have directed the Claims Administrator to establish a website for Class Members to view applicable documents and Court orders in accordance with the Settlement Agreement and as set forth in the Class Notice.

## VI.      REQUEST FOR EXCLUSION

Class and Sub-Class Members may exclude themselves from the Settlement by either sending the Claims Administrator an Opt-Out Form or a letter stating "I request to be excluded from the settlement in *Jemison v. Stat Courier, Inc.* I affirm that I was employed by Defendants as an Hourly Employee on or after September 15, 2019." To be considered valid, any Class Member's request for exclusion must be postmarked on or before the deadline for exclusion and must also include the individual's full name, address and phone number.

## VII.     OBJECTIONS TO SETTLEMENT

Members of the Settlement Class and Sub-Class may choose to object to the fairness, reasonableness or adequacy of the Settlement by submitting written objections to the Claims Administrator. All objections to the Settlement must be sent no later than the deadline for objections.

Objections, and any other papers submitted for the Court's consideration in connection with issues to be addressed at the Final Fairness Hearing shall be submitted to:

Analytics LLC
18675 Lake Drive East
Chanhassen, MN 55317

Upon receipt of any objection, the Claims Administrator shall follow the procedures set forth in the Settlement Agreement regarding notifying counsel for the Parties. Any member of the Settlement Class and/or Sub-Class who does not timely file and serve a written objection complying with the terms of this Order, unless otherwise ordered by the Court, shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any member of the Settlement Class who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing in person or through counsel retained at that individual's expense. Class Counsel and Defendants' Counsel should be prepared at the Final Approval Hearing to respond to any objections filed by Class Members

### VIII. MOTION IN SUPPORT OF FINAL SETTLEMENT APPROVAL, APPLICATION FOR FEE, EXPENSES AND SERVICE PAYMENT

Plaintiff's Motion in Support of Final Approval of Settlement and related relief shall be filed with the Court and served on all counsel of record in accordance with the Court's policies and practices, no later than **April 10, 2026**. Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Payment for the Named Plaintiff, and all papers in support thereof, shall be filed with the Court concurrently with Plaintiff's Motion in Support of Final Approval of Settlement. Any response shall be due **April 24, 2026**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice.

Until such time as the Court can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**SO ORDERED**

Dated: October 23, 2025

/s/ W. Scott Hardy
W. Scott Hardy
United States District Judge